No. 20-3289

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

---

NICHOLAS K. MERIWETHER,

*Plaintiff-Appellant,*

v.

THE TRUSTEES OF SHAWNEE STATE UNIVERSITY—FRANCESCA HARTOP, JOSEPH
WATSON, SCOTT WILLIAMS, DAVID FURBEE, SONDRA HASH, ROBERT HOWARTH,
GEORGE WHITE, and WALLACE EDWARDS—in their official capacities; JEFFREY A.
BAUER, ROBERTA MILLIKEN, JENNIFER PAULEY, TENA PIERCE, DOUGLAS
SHOEMAKER, and MALONDA JOHNSON, in their official capacities,

*Defendants-Appellees,*

JANE DOE and SEXUALITY AND GENDER ACCEPTANCE,

*Intervenors-Appellees.*

---

On Appeal from the United States District Court for the
Southern District of Ohio, Western Division
Case No. 1:18-cv-753—Hon. Susan J. Dlott

---

### *AMICI CURIAE* BRIEF OF LAW PROFESSORS DARREN
### ROSENBLUM AND BRIAN SOUCEK ET AL. IN SUPPORT OF
### PETITION FOR PANEL REHEARING OR REHEARING EN BANC

---

Alvin Lee
Brent Ray
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
(212) 790-5345
alvin.lee@kslaw.com

*Counsel for Amici Curiae*

1

*Amici* are law professors[1] all deeply familiar with the tradition of using last names and honorifics when calling on students in class. Some do this in their own classes, referring to students as Mr. or Ms. to mark the seriousness of the enterprise, or to prepare lawyers-to-be for their professional lives to come. Others take a different approach, using first names to make our classes less daunting or hierarchical, perhaps modeled more on an office than a courtroom. These disagreements are driven by the kinds of pedagogical considerations that are at the heart of academic freedom.

None of *amici*, however, has ever chosen to refer to *some* students in their classes with honorifics while using other students' first names. None has ever used honorifics or names other than those either the student or their university has provided us. Academic freedom would provide them no shield were they to do so. *Amici* submit this brief to clarify why that is the case—and why the *Meriwether* panel's opinion to the contrary stretches academic freedom to the point that it would disrupt education itself.

\* \* \*

This case began because a professor mistakenly used the incorrect honorific. Mistakes happen, not least around gender, and they do not merit punishment. But

---

[1] A complete list of *amici* appears in the Appendix.

Professor Meriwether refused to correct his mistake. He instead came to court objecting that administrators at his school were telling him to say certain words in his classroom, and not to say others. Framed at this level of generality, Professor Meriwether's speech was being abridged. But as every public employee knows, this is not the level of generality at which the First Amendment operates. Public employees do not have the right to say whatever they want at work, and professors do not have the right to label their students in any way they see fit. Were it otherwise, our classrooms would no longer remain the kind of respectful, civil spaces that foster a "robust exchange of ideas." *Keyishian v. The Bd. of Regents of the Univ. of the State of N.Y.,* 385 U.S. 589, 603 (1967). As the Supreme Court has emphasized repeatedly, "[s]cholarship cannot flourish in an atmosphere of suspicion and distrust." *Id*; *Sweezy v. State of N.H.*, 354 U.S. 234, 250 (1957) (plurality opinion).

Academic freedom is not just freedom of speech for people who happen to be academics. In the context of teaching, academic freedom protects professors' right to make *pedagogical* judgments, informed by their scholarly expertise, about how best to *discuss* issues that are *relevant* to the courses they have been hired to teach. *See generally* American Association of University Professors & Association of American Colleges, *Statement of Principles on Academic Freedom and Tenure* (1940), https://www.aaup.org/file/1940%20Statement.pdf; Matthew W. Finkin & Robert C. Post, *For the Common Good: Principles of American Academic Freedom*

3

(2009). What the panel's opinion failed to recognize is that Professor Meriwether has personal rather than pedagogical reasons for wanting to say "Sir" or "Mr. Doe"—or to use no honorific at all. The words in question are modes of address, not positions taken as part of a discussion. And the views about gender Professor Meriwether wants to convey—in fact, impose—by using these modes of address are not academically relevant across all the contexts where he insists on expressing them. Thus, these aspects of Professor Meriwether's teaching, unlike his decision to use honorifics in the first place, have nothing to do with academic freedom.

This Court has recognized these limits on academic freedom in previous cases. In *Dambrot v. Central Michigan University*, 55 F.3d 1177, 1189 (6th Cir. 1995), *Bonnell v. Lorenzo*, 241 F.3d 800, 820 (6th Cir. 2000), and *Hardy v. Jefferson Community College*, 260 F.3d 671, 682-83 (6th Cir. 2001), this Court rightly emphasized the First Amendment's special concern for professors' academic freedom while also holding that the "lynchpin of the inquiry" in these cases is "the extent to which the speech advances an idea transcending personal interest or opinion which impacts our social and/or political lives." In both *Hardy*, 260 F.3d at 679, and *Bonnell*, 241 F.3d at 820, this Court also held that academic freedom does not protect the words professors use "in a classroom setting where they are not germane to the subject matter."

*Amici* who teach classes on the First Amendment might assign this Court's opinions in *Dambrot* and *Hardy*. More controversially, some law professors might even quote in class the racial epithet at issue in those cases—just as Professor Hardy himself was punished for doing. Some of amici's colleagues have offered pedagogical reasons for accurately quoting racial and other slurs when relevant in class. *See, e.g.*, Randall Kennedy and Eugene Volokh, *The New Taboo: Quoting Epithets in the Classroom and Beyond*, 49 Cap. Univ. L. Rev. 1 (2021). Others sharply disagree about whether that is pedagogically appropriate, given the disproportionate effect certain slurs may have on students' classroom engagement. The law regarding academic freedom protects both sides in this highly contested pedagogical dispute. *Hardy*, 260 F.3d at 683 (finding the law on this point already clearly established in 2001). Classroom discussions about this dispute, when germane to the class, would also be protected.

But academic freedom would be unlikely to protect professors from discipline if they insisted on reading passages from *Dambrot* and *Hardy* in Secured Transactions or Family Law. And no one thinks academic freedom would shield a professor who used a derogatory epithet to *address* a student, or who expected a student to respond when called upon in that way. It is hard to imagine that academic freedom would even protect instructors who wrote in their syllabus that they would

be refraining from calling certain students a slur in class only because their universities disallow it.

In the same way, Professor Meriwether should be protected if, at appropriate times in his Political Philosophy class, he leads discussions and expresses his own views about gender identity and religion, even if students or administrators might be offended by some of the opinions voiced during this "robust exchange of ideas.". *Keyishian,* 385 U.S. at 603. But for Professor Meriwether to insist on expressing his personal beliefs about gender *every time* he addresses Ms. Doe, and perhaps on his syllabus as well, is to impose his "personal interest or opinion" regarding gender even when it is not "germane to the subject matter" at hand. *See Hardy,* 260 F.3d at 679, 682-83; *Bonnell,* 241 F.3d at 820.

By recognizing faculty's rights without also recognizing their corresponding responsibilities, the panel's opinion threatens to undermine the distinctive environment of the classroom—the very thing academic freedom is meant to protect. If academic freedom were untethered from pedagogical concerns, as the *Meriwether* panel envisions, the consequences would be dire indeed. Professors could hijack their classes, regardless of the ostensible subject matter assigned by the university, to proselytize for any agenda. They could advance opinions unmoored from the lesson plan or their own scholarly expertise and could speak in ways that ostracize or demean certain of their students. Armed with the First Amendment protection the

panel opinion provides, professors could not only express contrarian views, but enact them in class. Instead of *discussing* race or sex segregation, they could *enact* it by seating students separately by sex, as some religions require. Instead of discussing economic inequality, they could create class-based seating charts. They could favor some students at the expense of others in prejudicial ways. As law professors, *amici* each lead difficult conversations about controversial ideas in our classes. That is their job. But the First Amendment would no longer protect professors were they to enact in class many of these ideas. This is what Professor Meriwether has done by insisting on certain modes of address. The panel opinion errs in treating Professor Meriwether's gendering of Ms. Doe as if it were a *discussion* of gender. It is not.

Even if the gendering, or misgendering, of students *were* treated as expressions of views about gender, they would still be expressions of a professor's personal views, repeated in every class he taught. If this is protected, then how are universities to stop faculty members who insist on voicing equally sincere and deeply held views, say, about the President, day in and day out, in all their classes? Professors could use their platform to proselytize or indoctrinate, promoting or attacking political or religious beliefs. And faculties would be unable to penalize those whose teaching choices fail to live up to recognized disciplinary standards.

*Amici* recognize that some today believe that this is exactly what professors do: rant about their personal political beliefs to indoctrinate their students. That is

not amici's general experience of the academy. But insofar as that does happen in individual instances, it finds no protection in academic freedom—as the American Association of University Professors has itself made clear. American Association of University Professors, *Freedom in the Classroom* (2007), https://www.aaup.org/report/freedom-classroom.

An even more dire result of the panel's opinion, however, would be a breakdown in the atmosphere of collegiality and mutual respect that is fundamental to—indeed, makes possible—the robust exchange of ideas that makes university classrooms such special places within our democracy.

If professors may refer to students as they wish, the potential consequences are easy to imagine. Professors could, for example, choose to refer to students by nicknames or anglicized versions of some last names for ease of pronunciation. Given how challenging it may be to pronounce certain names in our diverse nation, one can understand a desire to make alterations.  But mere convenience, cannot justify discriminatory conduct. Nor would a professor ever be justified in calling a student by a demeaning nickname or an expletive. These modes of address are more hazing than teaching. Since they cannot be justified on pedagogical grounds, they should not be protected under the banner of academic freedom.

Referring to someone by their preferred honorific and name establishes a norm of collegiality and civility. The concept of "collegiality" itself stems from

"college," a place of respectful yet unfettered debate. These two elements are necessarily intertwined: a free-ranging debate depends on trusting one's interlocutors to behave respectfully during the conversation. When a professor refers to a student by the wrong honorific it not only demeans that student; it also models for the rest of the class a sense of disrespect for those who are different from the majority or some otherwise favored group.

Professors owe their students, and their collective enterprise, more respect than that. Academic freedom allows professors to lead and participate in classroom discussions in ways guided by their scholarly and pedagogical expertise. These were not what led Professor Meriwether to treat one student in his classroom differently from the rest. For that reason, his act of misgendering—as opposed to his discussions of gender—should not be protected by academic freedom. This Court should vacate the panel's opinion to the contrary.

*/s/ Alvin Lee*

Alvin Lee
Brent Ray
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-2601
(212) 790-5345
alvin.lee@kslaw.com
*Counsel for Amici Curiae*

May 14, 2021

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) and Fed. R. App. P. 29(d) because it contains 1,820 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

I further certify that the attached brief amicus curiae complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the typestyle requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 14- point Century Schoolbook font.

Executed this 14th day of May, 2021.

*/s/ Alvin Lee*
Alvin Lee
*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on May 14, 2021.

I certify that all parties in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed this 14th day of May, 2021.

*/s/ Alvin Lee*
Alvin Lee
*Counsel for Amici Curiae*

# APPENDIX

Complete List of *Amici*[2]

| |
|---|
| Aaron Tang<br>Professor of Law<br>University of California, Davis School of Law |
| Alan Brownstein<br>Professor of Law Emeritus<br>University of California, Davis School of Law |
| Alexandra Smith<br>Clinical Teaching Fellow<br>University of Baltimore School of Law |
| Alice M. Miller<br>Associate Professor and Associate Scholar for International Human Rights<br>Yale Law School |
| Amy Cohen<br>Professor of Law<br>Ohio State University |
| Amy Dillard<br>Associate Professor of Law<br>University of Baltimore School of Law |
| Anat Alon-Beck<br>Assistant Professor of Law<br>Case Western University School of Law |
| Andrew Koppelman<br>John Paul Stevens Professor of Law<br>Northwestern Pritzker School of Law |
| Anil Kalhan<br>Professor of Law<br>Drexel University Thomas R. Kline School of Law |

[2] The title and institutional affiliation of *amici* are provided for identification purposes only.

| |
|---|
| Arthur S. Leonard<br>Robert F. Wagner Professor of Labor & Employment Law<br>New York Law School |
| Ash Bhagwat<br>Martin Luther King, Jr. Professor of Law and Boochever and Bird Endowed Chair for the Study and Teaching of Freedom and Equality<br>University of California, Davis School of Law |
| Audrey McFarlane<br>Dean Julius Isaacson Professor of Law<br>University of Baltimore School of Law |
| Aziz Rana<br>Richard and Lois Cole Professor of Law<br>Cornell Law School |
| Benjamin Davis<br>Emeritus Professor of Law<br>University of Toledo College of Law |
| Brian Soucek<br>Professor of Law and Chancellor's Fellow<br>University of California, Davis School of Law |
| Carlos A. Ball<br>Distinguished Professor<br>Rutgers Law School |
| Caroline Mala Corbin<br>Professor of Law and Dean's Distinguished Scholar<br>University of Miami School of Law |
| Catherine Brooks<br>Professor of Law<br>Creighton University School of Law |
| Catherine Smith<br>Professor of Law<br>University of Denver Sturm College of Law |

| |
|---|
| Charles O'Kelley<br>Professor of Law<br>Seattle University School of Law |
| Christopher Odinet<br>Professor of Law<br>University of Iowa School of Law |
| Christopher S. Elmendorf<br>Martin Luther King, Jr. Professor of Law<br>University of California, Davis School of Law |
| Clifford Rosky<br>Professor of Law<br>University of Utah School of Law |
| Cynthia Godsoe<br>Professor of Law<br>Brooklyn Law School |
| Daniel Kiel<br>FedEx Professor of Law<br>The University of Memphis Cecil C. Humphreys School of Law |
| Daniel M. Schaffzin<br>Associate Professor of Law<br>The University of Memphis Cecil C. Humphreys School of Law |
| Darren Rosenblum<br>Professor of Law<br>Haub Law School, Pace University |
| Dean Hill Rivkin<br>Williford Gragg Distinguished Professor In Law Emeritus<br>University of Tennessee College of Law |
| Debra Guston<br>Adjunct Professor<br>Rutgers Law School |

| |
|---|
| Dennis J. Ventry, Jr.<br>Professor of Law<br>University of California, Davis School of Law |
| Diane Klein<br>Lecturer<br>Chapman University School of Law |
| Doron Dorfman<br>Associate Professor of Law<br>Syracuse University College of Law |
| Doron Kalir<br>Clinical Professor of Law<br>Cleveland-Marshall College of Law |
| Elizabeth Samuels<br>Emerita Professor of Law<br>University of Baltimore School of Law |
| Ellie Margolis<br>Professor of Law<br>Temple University, Beasley School of Law |
| Emily Houh<br>Gustavus Henry Wald Professor of the Law and Contracts<br>University of Cincinnati College of Law |
| Eric C. Chaffee<br>Distinguished University Professor and Professor of Law<br>The University of Toledo |
| Evan Caminker<br>Dean Emeritus and Branch Rickey Collegiate Professor of Law<br>University of Michigan Law School |
| Gregg Gonsalves<br>Associate Professor<br>Yale Law School |

| |
|---|
| Gregory P. Magarian<br>Thomas and Karole Green Professor of Law<br>Washington University in St. Louis School of Law |
| Guy A. Rub<br>Professor of Law<br>Michael E. Moritz College of Law, The Ohio State University |
| Heather Walter-McCabe<br>Associate Professor<br>Wayne State University School of Law |
| Hila Keren<br>Paul E. Treusch Chair & Professor of Law<br>Southwestern Law School |
| Jack B. Harrison<br>Professor of Law<br>Salmon P. Chase College of Law, Northern Kentucky University |
| Jack Guttenberg<br>Professor of Law<br>Capital University Law School |
| Jasmine E. Harris<br>Professor of Law<br>University of California, Davis School of Law |
| Jayne Barnard<br>Cutler Professor of Law Emerita<br>William and Mary College of Law |
| Jeremiah A. Ho<br>Associate Professor of Law<br>University of Massachusetts School of Law |
| Jessica Silbey<br>Professor of Law<br>Boston University School of Law |

| |
|---|
| Joan MacLeod Heminway<br>Professor of Law<br>University of Tennessee |
| Justin R. Long<br>Associate Professor<br>Wayne State University Law School |
| Karen Woody<br>Associate Professor<br>Washington and Lee University School of Law |
| Kathryn Abrams<br>Herma Hill Kay Distinguished Professor of Law<br>Berkeley Law School, University of California-Berkeley |
| Kendall Thomas<br>Professor of Law<br>Columbia University School of Law |
| Kermit Roosevelt<br>Professor of Law<br>University of Pennsylvania Law School |
| Kerri L. Stone<br>Professor of Law<br>Florida International University College of Law |
| Kristin Kalsem<br>Charles Harsock Professor of Law<br>University of Cincinnati College of Law |
| Kyle Velte<br>Associate Professor of Law<br>University of Kansas Law School |
| Lance Tibbles<br>Professor of Law Emeritus<br>Capital University Law School |

| |
|---|
| Larry Garvin<br>Professor of Law<br>Ohio State University School of Law |
| Lawrence C. Levine<br>Professor of Law<br>University of the Pacific, McGeorge School of Law |
| Leigh Goodmark<br>Marjorie Cook Professor of Law<br>University of Maryland Francis King Carey School of Law |
| Leslie Tenzer<br>Professor of Law<br>Haub Law School, Pace University |
| Lisa C. Ikemoto<br>Martin Luther King, Jr. Professor of Law<br>University of California, Davis School of Law |
| Lissa Griffin<br>Professor of Law<br>Haub Law School, Pace University |
| Llewellyn Joseph Gibbons<br>Distinguished University Professor of Law<br>University of Toledo |
| Madhavi Sunder<br>Professor of Law<br>Georgetown University Law Center |
| Mae Kuykendall<br>Professor of Law<br>Michigan State University College of Law |
| Marcia L. McCormick<br>Professor of Law<br>St. Louis University School of Law |

| |
|---|
| Margaret M. Flint<br>Professor Emerita<br>Haub Law School, Pace University |
| Margo Schlanger<br>Wade H. and Dores M. McCree Collegiate Professor of Law<br>University of Michigan Law School |
| Marjorie Silver<br>Professor of Law<br>Touro Law School |
| Mark R. Brown<br>Newton D. Baker/Baker & Hostetler Chair<br>Capital University Law School |
| Maureen Carroll<br>Assistant Professor of Law<br>University of Michigan Law School |
| Meghan Boone<br>Assistant Professor<br>Wake Forest University School of Law |
| Michael Boucai<br>Professor<br>SUNY at Buffalo School of Law |
| Michael Mushlin<br>Professor of Law<br>Haub Law School, Pace University |
| Michael Sant'Ambrogio<br>Professor of Law<br>Michigan State University College of Law |
| Michelle S. Simon<br>Dean Emerita and Professor of Law<br>Haub Law School, Pace University |

| |
|---|
| Milena Sterio<br>Professor of Law<br>Cleveland-Marshall College of Law |
| Noa Ben-Asher<br>Professor of Law<br>Haub Law School, Pace University |
| Odeana Neal<br>Associate Professor<br>University of Baltimore School of Law |
| Priya S. Gupta<br>Professor of Law<br>Southwestern Law School |
| Rachel VanLandingham<br>Professor of Law<br>Southwestern Law School |
| Raquel E. Aldana<br>Professor of Law<br>University of California, Davis School of Law |
| Rebecca E. Zietlow<br>Charles W. Fornoff Professor of Law and Values<br>University of Toledo College of Law |
| Regina L. Hillman<br>Assistant Professor of Law<br>The University of Memphis Cecil C. Humphreys School of Law |
| Richard Ottinger<br>Professor Emeritus, former Congressperson<br>Haub Law School, Pace University |
| Ruth Colker<br>Distinguished University Professor and Heck Faust Memorial Chair in Constitutional Law<br>Michael E. Moritz College of Law, The Ohio State University |

| |
|---|
| Ruthann Robson<br>Professor of Law and University Distinguished Professor<br>City University of New York School of Law |
| Samuel Marcossen<br>Professor of Law<br>University of Louisville School of Law |
| Scott Skinner-Thompson<br>Associate Professor<br>University of Colorado Law School |
| Sheila R. Foster<br>Scott K. Ginsburg Professor of Urban Law and Policy<br>Georgetown University |
| Shelley Cavalieri<br>Professor of Law<br>University of Toledo |
| Sherry Colb<br>C.S. Wong Professor of Law<br>Cornell Law School |
| Stacey L. Sobel<br>Professor of Law<br>Western State College of Law |
| Susan Keller<br>Professor of Law<br>Western State College of Law |
| Tiffany Graham<br>Professor of Law<br>Touro Law School |
| Valena Beety<br>Professor<br>Arizona State University Sandra Day O'Connor College of Law |

| |
|---|
| Vanessa Merton<br>Professor<br>Haub Law School, Pace University |
| William S. Dodge<br>John D. Ayer Chair in Business Law and Martin Luther King, Jr. Professor of Law<br>University of California, Davis School of Law |